IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dana L. Helms, | ) Civil Action No.: 1:15-cv-1867-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Carolyn W. Colvin, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Dana L. Helms ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges, for pretrial handling. On January 5, 2016, the Magistrate Judge issued a Report and Recommendation ("Report" or "R&R") in which she determined that Plaintiff did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Accordingly, the Magistrate Judge recommended affirming the Commissioner's decision. (ECF No. 15.) Plaintiff filed Objections on January 24, 2016. (ECF No. 18.) For the reasons stated below, the Court adopts the Report and affirms the Commissioner's decision.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.[1] Plaintiff was 44 years old at the time of the ALJ hearing. She completed the ninth grade and has past relevant work experience as a convenience store manager. On March 12, 2013, Plaintiff filed an application for DIB and SSI benefits alleging a disability since November 10, 2011, due to obesity, peripheral polyneuropathy, lumbar and thoracic degenerative disc disease, sleep apnea, anxiety, depression, carpel tunnel syndrome, and fibromyalgia. (Tr. at 24, 26.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on November 21, 2014, finding Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on May 4, 2015.

## REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 21 at 25.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate

---

[1] Unless otherwise noted, the following background is drawn from the Report.

Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th

3

Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Plaintiff filed objections to the Report and Recommendation on January 24, 2016. (ECF No. 18.) She objects that the Magistrate Judge erred in finding that the ALJ: (1) properly accounted for Plaintiff's moderate limitation in maintaining concentration, persistence, or pace and (2) properly gave little weight to the opinions of Plaintiff's treating physician, Dr. Coy L. Eaton ("Dr. Eaton").

Very respectfully, these objections are the precise matters raised to the Magistrate Judge and appropriately rejected in her thorough thirty-four page Report. (*See* ECF No. 18 at 14–33); *see also Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011);

4

*Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Nevertheless, the Court employs *de novo* review to consider Plaintiff's specific objections in turn.[2]

### A.    Consideration of Limitations in Concentration, Persistence, or Pace

Plaintiff first argues that the ALJ erred by failing to explain how Plaintiff's moderate limitation in concentration, persistence, or pace was accounted for in her RFC. (ECF No. 18 at 1.) Specifically, she asserts that the ALJ failed to include these restrictions in the hypothetical posed to the Vocational Expert ("VE") and that the ALJ's restriction to simple, repetitive tasks and instructions in jobs with occasional public contact did not adequately reflect her limitation. (*Id.* at 1–2.) Plaintiff asserts that the recent Fourth Circuit decision, *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), requires remand under these facts.

In *Mascio*, the court noted that the ALJ found at step 3 that Mascio had "moderate difficulties in maintaining her concentration, persistence, or pace as a side effect of her pain medication." 780 F.3d at 638. In the RFC finding, the ALJ limited Mascio to unskilled work. *Id.* at 635. However, in the hypothetical, the ALJ said nothing about Mascio's mental limitations. *Id.* at 637. The vocational expert responded with unskilled, light work jobs. *Id.* Accordingly, as the court noted, "The ALJ's hypothetical, together with the vocational expert's unsolicited addition of 'unskilled work,' matched the ALJ's finding regarding Mascio's [RFC]. Thus, the hypothetical was incomplete only if the ALJ failed to account for a relevant factor when determining Mascio's [RFC]." *Id.* at 637–38. The court found as follows:

---

[2] As always, the Court says only what is necessary to address such arguments against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

> [W]e agree with other circuits that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace. Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. *See id.* at 1181. But because the ALJ here gave no explanation, a remand is in order.

*Id.* at 638.

"Thus, a case must be remanded pursuant to *Mascio* when: 1) a finding of mental limitation in concentration, persistence, or pace is not reflected in the RFC; 2) the mental limitation was not incorporated into the hypothetical given to the VE; and 3) the ALJ did not sufficiently explain the exclusion of such mental limitation." *Wilson v. Colvin*, No. 2:14-CV-3209, 2016 WL 625088, at *4 (D.S.C. Jan. 15, 2016), report and recommendation adopted, 2016 WL 613891 (D.S.C. Feb. 16, 2016).

The Court agrees with the Magistrate Judge that *Mascio* does not require remand here, where the ALJ has sufficiently explained the exclusion of this mental limitation. As the Magistrate Judge thoroughly and skillfully explained, the ALJ accounted for Plaintiff's limitation in concentration, persistence, or pace in determining Plaintiff's RFC prior to proceeding to steps four and five. (ECF No. 15 at 22–23; Tr. at 24–32.) Although Plaintiff objects that the ALJ relied on boilerplate language when accounting for Plaintiff's RFC assessment, the Court

finds that the ALJ provided specific evidence-based reasons for her findings. For example, the ALJ gave great weight to the opinion of state agency consultant Dr. Larry Clanton ("Dr. Clanton") in assessing Plaintiff's RFC. (Tr. 31.) Dr. Clanton found that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace and concluded that Plaintiff "has the ability for at least simple routine tasks away from public." (Tr. at 132–133.) The ALJ explained that she "accounted for [Plaintiff's] depression and anxiety by limiting her to simple, repetitive tasks and instructions with only occasional public contact." (Tr. 31.) The ALJ also found that Dr. James N. Ruffing's ("Dr. Ruffing") report and Dr. Eaton's most recent treatment notes supported Dr. Clanton's assessment of Plaintiff's mental limitations. (Tr. 31.) Specifically, Dr. Ruffing reported that while Plaintiff had inconsistent abilities to attend and focus based on her emotional distress level, she had coherent and goal-directed thought processes, normal cognitive processing speed, and scored 30 out of 30 points on the MMSE. In addition, Dr. Eaton's recent treatment notes indicated that Plaintiff's anxiety had improved.

Based on the foregoing, the Court finds that the ALJ has sufficiently explained why she found that Plaintiff's moderate difficulties in concentration, persistence or pace were accommodated by limiting her to simple, repetitive tasks and instructions with only occasional public contact. Thus, the Magistrate Judge committed no error in finding that *Mascio* did not require remand here. *See Davis v. Colvin*, No. 0:14-cv-4314, 2015 WL 7871172, at *4 (D.S.C. Dec. 4, 2015) (finding that the ALJ adequately accounted for moderate limitations in concentration, persistence or pace where "the ALJ accounted for [claimant's]

7

limitations and credibility in determining her RFC prior to proceeding to steps four and five . . . . [and] found that any limitation in [claimant's] concentration, persistence, or pace did not affect her ability to perform simple, routine, repetitive tasks"); *cf. Smith v. Colvin*, No. 9:14-cv-3405, 2016 WL 80657, at *2 (D.S.C. Jan. 7, 2016) (remanding for failure to adequately account for claimant's limitation in concentration, persistence or pace where "the ALJ failed to provide an explanation in his decision for why he concluded that Plaintiff could perform work that required only routine, simple tasks").

### B. Treating Physician's Opinion

Plaintiff next objects to the Magistrate Judge's recommendation that the ALJ properly supported the weight accorded to Plaintiff's treating physician, Dr. Eaton. The Court has considered Plaintiff's arguments on this issue *de novo* and finds them to be largely duplicative exactly of arguments already raised and adequately addressed by the recommendation. The Magistrate Judge addressed each of Plaintiff's arguments at length, first summarizing the ALJ's assessment of Dr. Eaton's medical source statements, and then discussing how this assessment found support both in the ALJ's decision and the record as a whole. (R&R at 28–33.) The Court finds the Magistrate Judge's treatment of these arguments to be thorough and accurate, and is satisfied that the ALJ's assessment of Dr. Eaton's opinion is supported by substantial evidence.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ and Plaintiff's objections to the Report and Recommendation. The Court concurs in the recommendation of the Magistrate Judge that substantial evidence in the record supports the decision of the Commissioner and thus adopts the Report and Recommendation, incorporating it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

May 16, 2016
Greenville, South Carolina